**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LLOYD NEIL POPE,            ) | |
| )                              | |
| Plaintiff,   ) | |
| )                              | |
| vs.                          ) | Case No. CIV-07-1331-F |
| )                              | |
| EDWIN CARNS, M.D., et al.,   ) | |
| )                              | |
| Defendants.  ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant Edwin Carns has filed a motion to dismiss to which Plaintiff has responded.[1] Thus, the motion is now at issue. For the following reasons, it is recommended that the motion be granted.

Plaintiff who is currently an inmate at the Lawton Correctional Facility, sues Edwin Carns, M.D., Lindsay Hospital, and "Dr. Magness." Complaint, pp. 1-2. In a one-count complaint, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment by performing surgery without any tests, thus denying him adequate medical treatment. Id. at 3.

Specifically, Plaintiff alleges that after filing several medical requests alleging lumps

---

[1]Plaintiff filed an objection to the motion, and requested an extension of time to respond thereafter. [Doc. Nos. 36, 37]. Although the motion was granted and Plaintiff given until May 15, 2008, to file a further response, he did not do so. [Doc. No. 41].

and pain on the left side of his chest, Dr. Carns examined him and found three lumps. Brief in Support of Complaint, p. 2. He alleges that Dr. Carns then sent him to Lindsay Hospital to "be checked by one of their doctors." Id. Plaintiff alleges that when he went there, "he" ordered surgery, and that after Plaintiff consented to tests he was instead taken to surgery without the tests. Id. He alleges that surgery was performed on his left breast, leaving him disfigured and in pain. Id. He also alleges that he has not had any post-operative check ups. Complaint, at 2.

In the motion to dismiss, Defendant Carns argues that Plaintiff has failed to state a claim under § 1983, and has failed to allege adequate personal participation in the events surrounding his surgery.

## I.    MOTION TO DISMISS

Traditionally, a complaint has been subject to Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted if "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), abrogated by Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007). However, in Twombly, the Supreme Court remarked that this phrase is "best forgotten as an incomplete, negative gloss on an accepted pleading standard" that "has earned its retirement." 127 S. Ct. at 1969. In its place, the Court articulated a new "plausibility" standard for reviewing Rule 12(b)(6) motions to dismiss under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974; accord Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).

"Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (alterations omitted) (quoting Twombly, 127 S. Ct. at 1965) (evaluating pro se prisoner complaint under plausibility standard). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Although the familiar "no set of facts" standard has been abandoned, certain principles developed under the standard apply equally to "plausibility" review of a complaint's allegations. See Twombly, 127 S. Ct. at 1964-65; see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (reviewing pro se prisoner's complaint under plausibility standard). Accordingly, a court considering the sufficiency of a complaint still must "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Kay, 500 F.3d at 1217 (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)). Furthermore, a pro se complaint must be liberally construed and held to less stringent standards than pleadings drafted by lawyers. Erickson, 127 S. Ct. at 2200 (quotations omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the broad reading of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts

3

on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, a reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); accord Twombly, 127 S. Ct. at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)).

Additionally, a court evaluating a complaint tested by a motion to dismiss may consider the complaint and any documents attached to it as exhibits. Hall, 935 F.2d at 1112; see also Erickson, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint).

Dr. Carns contends that Plaintiff's claims against him should be dismissed because Plaintiff has not sufficiently alleged a violation of his constitutional rights, and has failed to allege adequate personal participation in the constitutional deprivations alleged. Motion, pp. 3, 5.

**A. FAILURE TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT**

Dr. Carns contends that Plaintiff's action against him should be dismissed for failure to state a claim because, even if liberally construed and read in the light most favorable to Plaintiff with all reasonable inferences indulged in his favor, insofar as Dr. Carns is concerned, Plaintiff has identified, at most, medical negligence which is not actionable in an

Eighth Amendment claim for deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999).

Dr. Carns notes that Plaintiff's sole allegation against him is that he examined him and then referred him to Lindsay Hospital for further treatment. Motion, p. 3; see Complaint, p. 1, 2; Brief in Support of Complaint, p. 2. Dr. Carns contends that this allegation is insufficient to show deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Motion, p. 4 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

An Eighth Amendment deliberate indifference claim has an objective component, whether the deprivation is sufficiently serious, and a subjective component, whether the prison official acted with a sufficiently culpable state of mind. Perkins v. Kan. Dep't of Corr., 165 F.3d at 809. A medical need is "sufficiently serious" if the condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (citations and quotations omitted). Further, "the question raised by the objective prong of the deliberate indifference test is whether the alleged harm . . . is sufficiently serious . . . rather than whether the symptoms displayed to the prison employee are sufficiently serious . . . ." Mata v. Saiz, 427 F.3d 745, 753 (10th Cir. 2005).

Plaintiff's allegations do not show that Dr. Carns acted with the requisite mental culpability. His claim that Dr. Carns examined him and ordered his transfer to Lindsay Hospital will not support an Eighth Amendment claim because "a misdiagnosis, even if rising

to the level of medical malpractice, is simply insufficient . . . to satisfy the subjective component of a deliberate indifference claim." Self v. Crum, 439 F.3d 1227, 1234 (10th Cir. 2006), cert. denied 127 S. Ct. 131 (2006); Sealock v. Colorado, 218 F.3d 1205, 1211 (10th Cir. 2000) (mere negligence in treating a medical condition does not amount to a violation of the Eighth Amendment); Estelle, 429 U.S. at 106. All that Plaintiff's allegations concerning Dr. Carns show is that he examined him and then recommended a course of treatment after his examination. Accordingly, Plaintiff has alleged, at most, medical negligence which is not remediable as an Eighth Amendment claim of deliberate indifference. Sealock, 218 F. 3d at 1211. It is therefore recommended that Dr. Carns' motion to dismiss on grounds that Plaintiff's allegations do not show an Eighth Amendment violation be granted.

## B. FAILURE TO ALLEGE PERSONAL PARTICIPATION

As noted, Dr. Carns contends that Plaintiff's only allegation against him is that he sent him to Lindsay Hospital for further treatment, Motion, p. 5, and that this allegation is insufficient to show his personal participation in the alleged problems with Plaintiff's surgery. Id. at 6. He claims that Plaintiff is alleging what is tantamount to supervisory liability, and that supervisory status alone is insufficient personal participation under § 1983.

Personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials

have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted). To establish a § 1983 claim against a supervisor, the plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotations and alterations omitted); accord Serna, 455 F.3d at 1151 ("[A] plaintiff must show an 'affirmative link' between the supervisor and the [constitutional] violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." (quotation omitted)).

The undersigned agrees that Plaintiff has not sufficiently pled an affirmative link between Dr. Carns and the constitutional deprivations alleged because he has not stated facts showing that any constitutional deprivations were caused by Dr. Carns' direct involvement in the surgery, his control or direction over the surgical care, or his failure to supervise Plaintiff's medical care. See Complaint, pp. 2, 3; Brief in Support of Complaint, p. 2.

Accordingly, to the extent Plaintiff alleges that Dr. Carns examined him and sent him

to Lindsay Hospital or even ordered the surgery,[2] such is unavailing since "liability under section 1983 cannot rest upon the doctrine of *respondeat superior*." Ware v. Unified Sch. Dist. No. 492, 902 F.2d 815, 819 (10th Cir. 1990) (quotation omitted).  Therefore, Plaintiff has failed to allege sufficient personal participation on the part of Dr. Carns and it is thus recommended that his motion to dismiss on this ground be granted as well.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Defendant Carns' Motion to Dismiss [Doc. No. 28] be GRANTED.  More specifically, it is recommended that the claims against Dr. Carns be dismissed for failure to state a claim upon which relief can be granted.  It is further recommended that Plaintiff's "Motion for Granting Relief as Written in Complaint" [Doc. No. 30] be denied.[3] Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 10, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose

---

[2]Plaintiff alleges that Dr. Carns sent him to Lindsay Hospital to be checked by one of their doctors, "[a]nd from there he ordered me to be operated on." Brief in Support of Complaint, p. 2. It is not clear that "he" refers to Dr. Carns, but the complaint has been liberally construed to do so for purposes of the current motion.

[3]Plaintiff essentially sought relief by default based on his allegation that Dr. Carns did not timely answer the complaint. [Doc. No. 30].  However, Dr. Carns did timely respond [Doc. No. 26, 28]; so Plaintiff's motion has no basis in fact.

of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 20th day of June, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE