# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LLOYD NEIL POPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1331-F |
| ) | |
| EDWIN CARNS, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant Dr. Steven Magness has filed a motion to dismiss under Fed.R.Civ.P 12(b)(5) for insufficient service of process, to which Plaintiff has responded.[1] Thus, the motion is now at issue. For the following reasons, it is recommended that the motion to dismiss be denied, and that Plaintiff be granted an extension of time to serve Dr. Magness, unless Dr. Magness agrees to waive service of process.

In his motion, Dr. Magness states that Plaintiff filed a return of service of process, indicating that Dr. Magness had been served on February 12, 2008, by leaving the summons with the administrator of Lindsay Hospital. Dr. Magness' Motion, p. 1; [Doc. No. 49]. He argues that this was not effective service of a summons and complaint, which must be either

---

[1] On June 20, 2008, the undersigned entered an order directing Dr. Magness to show cause why he should not be found in default. Dr. Magness combined his response to the order to show cause with the instant motion to dismiss.

served personally on the defendant, left with someone of suitable age and discretion who resides at the defendant's dwelling or usual place of abode, or via certified mail at his dwelling house or usual place of abode. Id. at 2. Dr. Magness claims that it is clear from the return that Plaintiff left a copy of the summons and complaint with administrator Norma Howard at Lindsay Hospital. Id. at 3. Thus, it is his contention that Plaintiff has failed to properly effect service. Id.

Dr. Magness also claims that as service has not been effected with 120 days from the filing of the complaint herein, the action against him should be dismissed without prejudice. Id. at 3-4 (citing Fed. R. Civ. P. 4(m)). He argues that Plaintiff has not demonstrated good cause for his failure to timely serve, and should have been aware that service was not proper. Id. at 4.

Plaintiff responds that he served Dr. Magness at the only address he had at the time, and that he does not know Defendant Magness' home address, or have any means to gain access to it. Plaintiff's [First] Response to Motion to Dismiss, p. 1 [Doc. No. 53]. He attaches the praecipe and return of service showing personal service by the United States Marshals Service on Ms. Howard on February 12, 2008 at Lindsay Hospital.

Plaintiff is required to serve each Defendant with a summons and a copy of the complaint. See Fed. R. Civ. P. 4(c)(1). If such service is not made within 120 days after filing of the complaint, the Court may dismiss the action against the unserved Defendant without prejudice. Fed. R. Civ. P. 4(m).

The preliminary inquiry under Rule 4(m) is to determine whether a plaintiff has shown good cause for his failure to timely effect service. <u>Espinoza v. United States</u>, 52 F.3d 838, 841 (10th Cir. 1995). If a plaintiff shows good cause, he must be granted an extension of time to effect service. <u>Id.</u> However, even if a plaintiff has not shown good cause, the Court must still consider whether a permissive extension is warranted. <u>Id.</u> Even though service was ineffective, the undersigned notes that Plaintiff has given an explanation why he has served Dr. Magness at Lindsay Hospital. Plaintiff is incarcerated, and does not have the home address of Dr. Magness. He served Dr. Magness, via the United States Marshals Service, at the hospital where he alleges Dr. Magness performed the surgery which is the basis of his action. Furthermore, the hospital administrator at Lindsay Hospital accepted service of the summons, as noted by the United States Marshal who personally delivered it. Under these circumstances, even though service was improper, Plaintiff has shown good cause that would entitle him to an extension of time to effect proper service. However, even if Plaintiff has not shown good cause, a permissive extension of time is warranted under the <u>Espinoza</u> factors. Accordingly, dismissal would not be proper under Fed.R.Civ.P 4(m).

Accordingly, it is recommended that Dr. Magness' motion to dismiss for the lack of timely service of process be denied and that Plaintiff be granted an extension of thirty (30) days in which to serve Dr. Magness, unless Dr. Magness agrees to waive service.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the motion to dismiss of Defendant Magness [Doc. No. 49] be denied, and that Plaintiff be granted an extension of

thirty (30) days in which to serve Dr. Magness, unless Dr. Magness agrees to waive service. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 20, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 31st day of July, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE