**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LLOYD NEIL POPE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1331-F |
| ) | |
| EDWIN CARNS, M.D., et al., ) | |
| ) | |
|     Defendants. ) | |

## ORDER

Plaintiff Lloyd Neil Pope, a state prisoner appearing *pro se* and *in forma pauperis* whose pleadings are liberally construed, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action alleges that defendants violated plaintiff's Eighth Amendment right to be free of cruel and unusual punishment when surgery was conducted on the plaintiff prior to medical tests being conducted, and when adequate medical treatment was otherwise denied.

Magistrate Judge Doyle W. Argo's Report and Recommendation of June 20, 2008 (doc. no. 47, sometimes referred to in this order as "the Report"), recommends that defendant Edwin Carns, M.D.'s motion to dismiss (doc. no. 28) be granted for failure to state a claim upon which relief can be granted. The Report also recommends that plaintiff's "Motion for Granting Relief as Written in Complaint" (doc. no. 30) be denied.

Plaintiff has filed two documents labeled as objections to the Report and Recommendation of the Magistrate Judge (doc. nos. 57, 58), and one document labeled as a motion of objection (doc. no. 56), which the court construes as additional

objections to the Report.[1]  In conducting its review as required by 28 U.S.C.§636(b)(1), the court has reviewed all objected to matters *de novo*.

Although plaintiff objects to dismissal of Dr. Carns on the ground, among others, that plaintiff's claims against Dr. Carns include allegations that Dr. Carns failed to conduct, or ensure, post-operative exams following plaintiff's surgery, that ground for objection was not raised in plaintiff's response to the motion when the motion was pending before Magistrate Judge Argo.[2]  Plaintiff has offered no explanation for his failure to raise this argument when the issue was still before the Magistrate Judge.[3]  Although the complaint references an alleged failure to secure post-operative examinations, these references do not mention Dr. Carns.  In these circumstances, the court finds that plaintiff has waived his argument that Dr. Carns should remain a defendant with respect to plaintiff's claims that plaintiff was not provided with post-operative examinations.[4]

---

[1] Doc. no. 56 is virtually identical to doc. no. 36, which is the response plaintiff filed to the motion to dismiss when that motion was still before the Magistrate Judge.

[2] The one-paragraph response to the motion to dismiss which plaintiff filed before the Magistrate Judge (doc. no. 36) does not mention this argument.  Although the Magistrate Judge extended plaintiff's time to file an additional response to the motion, plaintiff did not file a further response while the motion was pending before the Magistrate Judge.  Neither document entitled as a response to the motion (doc. nos. 36, 56) makes the argument, discussed in the text of this order, that plaintiff now makes in his objections to the Report.

[3] Plaintiff states he received his copy of the motion to dismiss on March 24, 2008, five days after it was filed (see doc. no. 56).  The arguments contained in the motion should have prompted the argument which plaintiff belatedly makes now.

[4] Objections containing new issues presented for the first time at this stage are deemed waived.  *See*, Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Tracy v. Addison, 16 Fed. Appx. 928, 2001 WL 901142 (10th Cir. 2001) (unpublished habeas case, cited per Tenth Circuit Rule 36.3, in which issue raised for the first time in objections to magistrate judge's report deemed waived, citing Marshall, *supra*.).

Having concluded *de novo* review, and after careful consideration of plaintiff's objections, the record, and the relevant authorities, the court finds that it agrees with the Report of the Magistrate Judge. Plaintiff's objections to the Report and Recommendation are, therefore, **DENIED**, and the Report and its recommendations are **ACCEPTED**, **ADOPTED**, and **AFFIRMED** in their entirety. Defendant Edwin Carns, M.D.'s motion to dismiss is **GRANTED**, and Dr. Carns is **DISMISSED** from this action for failure to state a claim upon which relief can be granted. Plaintiff's "Motion for Granting Relief as Written in Complaint" is **DENIED** for the reasons stated in the Report.

This action remains referred to the Magistrate Judge.

Dated this 8th day of August, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1331p005.wpd