## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

LLOYD NEIL POPE,                          )
                                          )
            **Plaintiff,**         )
                                            )
**vs.**                                   )     **Case No. CIV-07-1331-F**
                                            )
**EDWIN CARNS, M.D., et al.,**            )
                                          )
            **Defendants.**        )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court are four motions: "Special Appearance and Motion to Dismiss for Lack of Subject Matter Jurisdiction" by Dr. Steven Magness; Plaintiff's "Motion Requesting Default Judgment on Dr. Steven Magness;" Plaintiff's "Motion for Appointment of Counsel;" and Plaintiff's "Motion for Status Report." For the following reasons, it is recommended that the motion of Defendant Magness be granted, and that Plaintiff's motions be denied.

Plaintiff who is currently an inmate at the Lawton Correctional Facility, has sued Edwin Carns,[1] M.D., Lindsay Municipal Hospital, and Dr. Steven Magness. Complaint, pp. 1-2.[2] In a one-count complaint, Plaintiff alleges that Defendants performed surgery on him

---

[1]Dr. Carns was dismissed from this action on August 8, 2008. [Doc. Nos. 47, 60].

[2]The page numbers used are the pre-printed page numbers at the bottom of the complaint.

without any tests, thus committing "malpractice and medical neglect and indifference." Id. at 3.

Specifically, Plaintiff alleges that after filing several medical requests alleging lumps and pain on the left side of his chest, Dr. Carns examined him and found three lumps. Brief in Support of Complaint, p. 2. He alleges that Dr. Carns then sent him to Lindsay Hospital to "be checked by one of their doctors." Id. Plaintiff alleges that when he went there, "he" ordered surgery, and that after Plaintiff consented to tests he was instead taken to surgery without the tests. Id. He alleges that surgery was performed on his left breast, leaving him disfigured and in pain. Id. He also alleges that he has not had any post-operative check ups. Complaint, p. 2.

## I. MOTION TO DISMISS OF DR. MAGNESS

In his motion to dismiss, Dr. Magness contends that this Court lacks subject matter over Plaintiff's claims, and that Plaintiff has alleged at most medical malpractice. First, he claims that there is no federal diversity jurisdiction because Plaintiff alleges that all parties are citizens of the State of Oklahoma. Motion, p. 2. Second, he claims there is no federal question jurisdiction because he was not acting under color of state law when treating Plaintiff. Third, Dr. Magness argues that Plaintiff's allegations show that his claims are based on negligence rather than upon a violation of his federal constitutional rights. Id. at 2-4. Plaintiff has not responded to the motion and the undersigned finds the motion to dismiss of Dr. Magness to be well-founded.

First, as noted by Dr. Magness, there is no basis for subject matter jurisdiction on

grounds of diversity of citizenship.  Plaintiff alleges that all Defendants are citizens of Oklahoma.  Complaint, p. 1-2.

Second, Dr. Magness claims that there is no federal question jurisdiction because Plaintiff has failed to allege state action, an essential element of a claim brought under 42 U.S.C. § 1983.  The undersigned agrees.  To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation *was committed by a person acting under color of state law*.  West v. Atkins, 487 U.S. 42, 48 (1988); see also Tarabishi v. McAlester Reg'l Hosp., 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage").

> "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." "[I]t is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.'"

E.F.W. v. St. Stephen's Indian High School, 264 F.3d 1297, 1305 (10th Cir. 2001) (citations omitted).  Plaintiff's claim against Dr. Magness is based upon his allegation that prison officials referred him to Lindsay Municipal Hospital for treatment.  Complaint, p. 2. Although he alleges in conclusory fashion that "Dr. Magness,  Lindsay Oklahoma 73052 is charged with operating for cancer without doing test" and "the above defendant was acting under color of law," Complaint, p. 2a, he alleges no *facts* showing that Dr. Magness was a

state actor.

Before a private individual or physician such as Dr. Magness can be liable under §
1983, Plaintiff must allege facts showing that the individual's conduct is "fairly attributable
to the State."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see also Pino v.
Higgs, 75 F.3d 1461, 1465 (10th Cir. 1996); Barnard v. Young, 720 F.2d 1188, 1189 (10th
Cir. 1983) ("A party may be a state actor because he is a state official, he acted together with
or has obtained significant aid from state officials, or his conduct is otherwise chargeable to
the state.").  With regard to physicians, the Court looks to the function of the physician
within the State system to determine if state action is present.  West, 487 U.S. at 55-56. A
private physician's contractual obligation to provide health care to state inmates can be a fact
showing that a physician's acts are fairly attributable to the State.[3]  Id.  Here, Plaintiff's
allegation that Dr. Magness was acting under State law is conclusory and unsupported by any
facts.  Indeed, the other facts in support of Plaintiff's claim contradict his conclusory
allegation; he alleges only that Dr. Magness was a private physician at a local hospital who
rendered medical care to Plaintiff after Plaintiff was referred to the hospital by prison
officials.  Complaint, p. 2, 3; Brief in Support, p. 2.   Because Plaintiff has not alleged any
facts showing that Dr. Magness acted under color of State law, he has failed to state a claim
against Dr. Magness  under § 1983.  Consequently, Plaintiff has at most alleged a state tort
claim of medical malpractice.

_____

[3]Dr. Magness states in his motion to dismiss that neither he nor his surgical group have any
contracts with Plaintiff's detention facility.  Motion, p. 3.

4

Assuming but not deciding that Plaintiff's federal law claim against the remaining Defendant Lindsay Municipal Hospital would be sufficient to support supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim against Dr. Magness, the differing standards governing medical malpractice claims and Eighth Amendment medical claims counsel against the Court's exercise of supplemental jurisdiction. See Whitley v. Albers, 475 U.S. 312, 319 (1986). A jury could easily be confused when presented with claims that are factually similar with regard to the two Defendants, yet significantly dissimilar in the doctrinal sense. See United Mine Workers of America v. Gibbs 383 U.S.715,727 (1966). Second, although Defendant Lindsay Municipal Hospital has failed to file any dispositive motion, the undersigned has serious doubt as to the survivability of Plaintiff's federal claims against it for essentially the same reasons argued by Dr. Magness in the current motion. This creates a substantial possibility that state law claims would be the only ones left for this Court's adjudication.  Both comity and common sense make it preferable for a state court to resolve state law claims. Accordingly, it is recommended that Plaintiff's claims against Dr. Magness be dismissed without prejudice.

## II.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DR. MAGNESS

Once again, Plaintiff argues that this Court's determination that earlier attempts at service on Dr. Magness were insufficient was incorrect. As Dr. Magness' response to this motion points out, this issue has already been resolved. Furthermore, Dr. Magness has now been served and has responded to the complaint.  Thus, to the extent Plaintiff seeks any relief

from the Court in connection with his difficulties in serving Dr. Magness, the motion is clearly moot and should be denied.

## III. MOTION FOR APPOINTMENT OF COUNSEL

In considering requests for the appointment of counsel under § 1915, the United States Court of Appeals for the Tenth Circuit has directed that the Court consider the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995). First, as noted above, the undersigned has serious concerns regarding the merit of Plaintiff's federal claim against Defendant Lindsay Municipal Hospital. Second, although claims involving medical care certainly have the potential to be factually complex, they are not in this case – at least at this stage of the litigation. Plaintiff's claim appears to center on his allegation that tests were not performed prior to surgery, and not upon problems with the surgical procedure. Plaintiff has demonstrated his ability to present his claims to this Court and respond to matters submitted by other parties, and there is no reason to believe that Plaintiff cannot discover relevant information by using written interrogatories, requests for admissions, and requests for production of documents, which are available under the federal rules of civil procedure. It is certainly possible that a future issue may arise as to Plaintiff's ability to present his case once the facts are discovered; accordingly, Plaintiff's motion for appointment of counsel is denied without prejudice to his right to renew the motion.

## IV.  MOTION FOR STATUS REPORT

Finally, Plaintiff has requested a "status" report on this case.  The undersigned hereby informs Plaintiff that he is notified of each action taken in his case, just as any other litigant. However, if this Report and Recommendation is adopted, the only remaining claim is Plaintiff's claim against Lindsay Municipal Hospital.  If Plaintiff desires a docket listing of all case activity, he is free to request that by letter addressed to the Clerk of Court. Accordingly, his motion for status report is denied.

## <u>RECOMMENDATION</u>

For the reasons set forth above, it is recommended that the "Special Appearance and Motion to Dismiss for Lack of Subject Matter Jurisdiction" by Dr. Steven Magness [Doc. No. 81] be granted, and that Plaintiff's "Motion Requesting Default Judgment on Dr. Steven Magness" [Doc. No. 82] be denied. Plaintiff's "Motion for Appointment of Counsel" [Doc. No.84] and Plaintiff's "Motion for Status Report" [Doc. No. 87] are hereby denied. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by April 20, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

7

**ENTERED this 30th day of March, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE