## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

LLOYD NEIL POPE,                     )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )        Case No. CIV-07-1331-F
                                     )
EDWIN CARNS, M.D., et al.,           )
                                     )
            Defendants.              )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights.  United States District Judge Stephen P. Friot  referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Defendant Lindsay Municipal Hospital has filed a motion to dismiss /motion for summary judgment to which Plaintiff has responded.  Thus, the motion is now at issue.  For the following reasons, it is recommended that the motion, construed as a motion for summary judgment, be granted.

Plaintiff who is currently an inmate at the Lawton Correctional Facility, originally sued Edwin Carns, M.D., Lindsay Municipal Hospital, and "Dr. Magness." Complaint, pp. 1-2. Dr. Carns and Dr. Magness each filed motions to dismiss, and the undersigned recommended that the motions be granted. [Doc. No. 28, 47, 81, 89].  Judge Friot adopted the recommendations of dismissal, and so Dr. Carns and Dr. Magness are no longer parties to this action. [Doc. No. 47, 60, 89, 93].

In a one-count complaint, Plaintiff alleges that Defendant Lindsay Municipal Hospital

violated his Eighth Amendment right to be free of cruel and unusual punishment by performing surgery without any tests, thus denying him adequate medical treatment. Complaint, p. 3.

Specifically, Plaintiff alleges that after filing several medical requests alleging lumps and pain on the left side of his chest, prison physician Dr. Carns examined him and found three lumps.  Brief in Support of Complaint, p. 1.  He alleges that Dr. Carns then sent him to Lindsay Municipal Hospital to "be checked by one of their doctors." Id. Plaintiff alleges that "he" ordered surgery, and that after Plaintiff consented to tests he was instead taken to surgery without any tests.  Id.  He alleges that surgery was performed on his left breast, leaving him disfigured and in pain.  Id.  He also alleges that he has not had any post-operative check ups.  Complaint, p. 2.

In its motion, Defendant Lindsay Municipal Hospital (LMH) argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because there is no diversity of citizenship, and because Plaintiff has failed to make a showing that it acted under color of law or with deliberate indifference to his serious medical needs. Lindsay Municipal Hospital's Motion to Dismiss and/or Motion for Summary Judgment and Brief in Support (LMH Motion) p. 5, 8.  LMH also contends that Plaintiff has failed to exhaust his administrative remedies as required by both the Prison Litigation Reform Act and the Oklahoma Governmental Tort Claims Act.  Id. at 11-13.

## I.  STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment may be granted only where the pleadings and any supporting

documentary materials "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. Calhoun v. Gaines, 982 F.2d 1470, 1472 (10th Cir. 1992); Manders v. Oklahoma, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." Id.

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rather, the moving party initially bears the burden only of " 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id., at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. Id. at 324. The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement Anderson, 477 U.S. at 256. Rather, Fed. R. Civ. P. 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.

## II. DISCUSSION

### A.  Diversity Jurisdiction

As noted by LMH, Plaintiff has alleged that all parties are citizens of the State of Oklahoma, precluding the exercise of jurisdiction on grounds of diversity.  LMH Motion, 5; see 28 U.S.C. § 1332(a).

### B. Eighth Amendment Claim

#### 1.  Whether LMH Acted Under Color of State Law

LMH contends that in order to show an Eighth Amendment violation, Plaintiff must show that it acted under color of state law. LMH Motion, 5-8.  LMH concedes that it has a contract with the Oklahoma Department of Corrections (ODOC) to provide medical services to inmates.  Id. at 6.  However, it contends that its obligation to deliver medical services is not dependent on this contract or any other state authority.  Id.  It argues that the contract does not control any aspect of the medical services to be provided, and only establishes where the medical services will be delivered.  Id.  LMH also points out that the terms of the contract with ODOC establish that LMH is an independent contractor and not an "employee, agent or other legal representative of the Department in the performance of the provisions of this Contract."  Id. at 6-7 (citing LMH Motion, Ex. D, p. 2).  Finally, LMH contends that it is Plaintiff's burden to show that it was acting under color of law at the time of the described events, or that his treatment was the product of some official policy of LMH.  Id. at 7.

To establish a claim under 42 U.S.C. § 1983, Plaintiff must show that Defendant LMH

4

was a state actor that violated his rights under the Constitution or federal law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); see Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment.").  "In order to establish state action, a plaintiff must demonstrate that the alleged deprivation of constitutional rights was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting Lugar v. Edmondson, 457 U.S. 922, 937 (1982)).

Defendant LMH has provided a copy of the trust under which it operates, and the state laws under which the LMH Authority was created  "neither state nor imply that public trusts are to be viewed as created either by the State or by a municipality."Oklahoma City Zoological Trust v. State ex rel. Public Employees Relations Bd.,158 P.3d 461, 466 (Okla. 2007) (citing Okla. Stat. tit. 60 § 176); See LMH Motion, Ex. B, p. 1 (Declaration and Covenant).  Furthermore, the contract between LMH and ODOC does indeed provide that LMH is an independent contractor and not intended to be an agent or legal representative of ODOC. LMH Motion, Ex. D, p. 2.  However, the Tenth Circuit has stated that a medical center which contracts with the State to provide medical care to state prisoners is acting under color of state law for purposes of a § 1983 action.  Parker v. Gosmanova, 2009 WL

1904578 at *3 (10th Cir. July 2, 2009).[1]   Thus, for purposes of this Report and Recommendation, the undersigned assumes the Defendant LMH is a state actor.

### 2. Whether Plaintiff has shown an Eight Amendment Violation

Defendant LMH argues that Plaintiff has failed to show that his treatment at LMH was the result of some wrongful policy or custom and that at most, Plaintiff has shown that he disagrees with the course of his treatment. LMH Motion, p. 7-10. The undersigned agrees. As the Court stated in Parker, a medical center cannot be held liable under § 1983 based on respondent superior. Parker, 2009 WL 1904578 at *3. Rather, the Plaintiff must establish LMH's liability based on a wrongful policy or custom. Id. Plaintiff has not come forth with any evidence of a wrongful policy or custom and thus he cannot overcome LMH's motion for summary judgment. Further, since the Plaintiff has not established a constitutional violation on the part of any LMH's employees or even the two doctors he sued in this action, LMH cannot be held liable. Parker, Id. Thus, LMH is entitled to summary judgment.

### C. State Law Claim

Defendant LMH also requests that the Court refuse to exercise pendant jurisdiction over any state law claims asserted by Plaintiff. LMH Motion, p. 12. It contends that as a public trust, LMH is immune from liability for torts except to the extent that liability has been waived by the Oklahoma Governmental Tort Claims Act (OGTCA). Id. at 13. It claims that Plaintiff has failed to comply with the procedures for bringing a claim under the

---

[1]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

OGTCA, specifically, the notice of claim provisions in Okla. Stat. tit. 51, § 156.   LMH

Motion, p. 13.   Thus, LMH urges that considerations of judicial economy, convenience,

fairness, and comity counsel against the exercise of supplemental jurisdiction. LMH Motion,

p. 13 (citing Carnegie-Mellon Univ. Cohill, 484 U.S. 343, 350 (1988)).   The undersigned

agrees.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court has discretion to decline to exercise

supplemental jurisdiction over a state-law claim if the court has " dismissed all claims over

which it has original jurisdiction."   Accord Smith v. City of Enid ex rel. Enid City Comm'n,

149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the

court may, and usually should, decline to exercise jurisdiction over any remaining state

claims.").   Plaintiff does not explicitly raise any state law claim, but the dismissal of all

federal claims together with LMH's showing regarding the absence of the required notice

under the OGTCA leads the undersigned to recommend that any putative state law claim be

dismissed without prejudice.

**D.  Plaintiff's Motions**

**1. Motion for Appointment of Counsel/Stay/Discovery**

When Plaintiff filed his response to LMH's motion, he also filed a motion for

appointment of counsel, and a motion to stay and for discovery. [Doc. Nos. 99, 100].   In

considering requests for the appointment of counsel, the United States Court of Appeals for

the Tenth Circuit has directed that the Court consider the merits of a prisoner's claims, the

nature and complexity of the factual and legal issues, and the prisoner's ability to investigate

the facts and present his claims. <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir.1995).
First, as noted above, the undersigned has found no merit in Plaintiff's § 1983 claim against
LMH for inadequate medical care in violation of the Eighth Amendment. Second, although
claims involving medical care certainly have the potential to be factually complex, they are
not in this case - the basic facts regarding both Plaintiff's condition and his treatment for it
are undisputed. Plaintiff has demonstrated his ability to present his claims to this Court and
respond to matters submitted by other parties; it is simply that the standards governing Eighth
Amendment claims for denial/delay of adequate medical care when applied to those facts do
not support his claims. Thus, his request for appointment of counsel should be denied.

Furthermore, there is nothing Plaintiff has pointed to in his motion for a stay/request
for discovery that would bear upon the legal issues which the undersigned has found to be
dispositive in this case. Instead, his request appears to be for information on how to file an
administrative grievance against LMH and former defendant Dr. Magness. [Doc. No. 100].
Plaintiff's claims have been considered without reference to his alleged failure to exhaust his
prison administrative remedies and moreover, his failure to file a claim under the OGTCA
was considered as one factor supporting the recommendation that the Court decline to
exercise supplemental jurisdiction over any State law claim. The undersigned notes that
Plaintiff has made no showing under Fed.R. Civ.P. 56(f) that he needs additional time for
discovery in order to adequately respond to the Defendant's motion for summary judgment.
"A party seeking to defer a ruling on summary judgment under Rule 56(f) must 'file an
affidavit that explain[s] why facts precluding summary judgment cannot be presented. This

8

includes identifying the probable facts not available and what steps have been taken to obtain these facts.' A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must 'state with specificity how the additional material will rebut the summary judgment motion.'" Libertarian Party of New Mexico v. Herrera, 506 F.3d 1303, 1308-09 (10th Cir. 2007). As noted, Plaintiff states only that he wishes to conduct discovery that will aid him in pursuing administrative remedies. Furthermore, Plaintiff's claims are based on his treatment at LMH, and are primarily based upon facts within his personal knowledge. Accordingly, his request for a stay and/or discovery should also be denied.

### 3. Motion for Preliminary Injunction

Finally, Plaintiff has filed a motion to "show cause" that is essentially a motion for preliminary injunction. In that motion, Plaintiff seeks an injunction directed to the facility where he is currently housed, Lawton Correctional Facility (LCF), requiring it to allow access to all necessary cases and state statutes. [Doc. No. 101]. To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." General Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007).

Before applying these factors to Plaintiff's request, the undersigned notes that LCF is not a party to this action. However, that fact is not dispositive. Although the Tenth Circuit Court of Appeals at one time held that injunctive relief is not available when the Court lacks

personal jurisdiction over the target of the injunction, that rule has since been modified:

> However, the Supreme Court subsequently ... upheld a non-party injunction (compelling a telephone company to assist the government's use of investigative pen registers) and stated that "[t]he power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action ..., are in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice.... While the non-party status of an injunction's target may thus no longer be a conclusive impediment, it nevertheless heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors noted above but those considerations must also constitute the "appropriate circumstances" ... to justify issuing an injunction against a non-party.

Andrews v. Andrews, No. 05-6102, 160 Fed.Appx. 798, 799-800 (10th Cir. Dec. 29, 2005)

(citing United States v. New York Telephone Co., 434 U.S. 159, 174 (1977)).

For the same reasons as those noted above in connection with the recommendation that LMH's motion for summary judgment be granted, Plaintiff has not shown a substantial likelihood of success on the merits. Furthermore, Plaintiff does not indicate what administrative measures he has taken to achieve the relief sought by his request for injunctive relief, and his failure to employ those available remedies effectively prevents him from showing either irreparable harm or that the threatened injury caused by the injunction outweighs harm to LCF  The very policies provided by Plaintiff in support of his motion for injunctive relief show that he is entitled to access to the materials he seeks. Plaintiff's Motion to Show Cause, Ex. 2 (Protective Custody Unit, Sect. II.C.13 and D.10) and Ex. 3 (OP-040204(V)(A)(13)).  Moreover, the grievance policy submitted by Defendant LMH in connection with its motion shows that the prison grievance procedure is available to inmates

regardless of their custody status. LMH's Motion, Ex. A (OP-090124(II)(A)(2)). Finally, the undersigned finds that Plaintiff has failed to show that the injunction he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. Turner v. Safley, 482 U.S. 78, 84-85 ( 1987). In Turner, the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84-85. Accordingly, it is recommended that Plaintiff's motion for preliminary injunctive relief be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the motion to dismiss/motion for summary judgment of Defendant Lindsay Municipal Hospital [Doc. No. 96] with regard to Plaintiff's federal claims be GRANTED. To the extent Plaintiff is raising any claims under State law, those claims should be dismissed without prejudice. It is further recommended that Plaintiff's motion to show cause [Doc. No. 101], construed as a motion for preliminary injunction, his motion for appointment of counsel [Doc. No. 99] and his motion to stay [Doc. No. 100] be DENIED. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 12, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The Plaintiff is further

advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

     **ENTERED this 21st day of September, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE